IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANA JAMAL HUFF,

        Plaintiff,

    v.                      CASE NO. 13-3099-SAC

CHRISTOPHER O'NEIL,
et al.,

        Defendants.

### O R D E R

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas. Plaintiff names as defendants the Kansas City Kansas Police Department (KCKPD) and four of its law enforcement officers as well as Terra Moorehead,[1] Assistant United States Attorney. He claims false arrest and unlawful imprisonment. Mr. Huff is given time to satisfy the filing fee and to show cause why this action should not be dismissed for failure to state a claim.

### FILING FEE

The fee for filing a civil complaint is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00; or $350.00 for one who is granted leave to proceed in forma pauperis.

---

[1] The correct spelling of the name of this AUSA is Morehead.

Plaintiff has neither paid the fee nor submitted a motion to proceed without Prepayment of Fees. This action may not proceed until the filing fee is satisfied in one of these two ways. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion on court-approved forms that contains an affidavit described in subsection (a)(1), together with a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Local court rule requires that this motion be submitted upon court-approved forms. The clerk shall be directed to provide plaintiff with forms for filing a proper motion under 28 U.S.C. § 1915(a).

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[2] If Mr. Huff does not satisfy the filing fee within the time prescribed herein,

---

[2] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined would be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

this action may be dismissed without prejudice and without further notice.

**FACTUAL BACKGROUND AND CLAIMS**

As the factual background for his complaint, Mr. Huff alleges as follows. On June 1, 2011, he was arrested in Kansas City, Kansas, without probable cause by officers Lancaster and O'Neil. He was then unlawfully imprisoned. Each defendant law enforcement officer falsely arrested him, illegally searched his vehicle, and misused the officer's authority. Defendant Moorehead acted outside her authority, lied, brought false accusations, fabricated evidence in the officers' defense, and submitted false evidence.

Plaintiff asserts that his rights under the Fourth and Fourteenth Amendments were violated, and repeats that he was subjected to false arrest and false imprisonment. He seeks relief in the form of "compensation up to $1,500 per day of incarceration," disciplinary actions imposed against the defendants, and his immediate release from custody.

**SCREENING**

Because Mr. Huff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such

3

relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**DISCUSSION**

The court finds that plaintiff's complaint is deficient in several respects. First, plaintiff's allegations of arrest without probable cause, illegal search of his vehicle, and false imprisonment are nothing but conclusory statements. No facts whatsoever are alleged in the complaint to support any of these claims. The only facts regarding his arrest, the vehicle search, and his imprisonment are found in a Memorandum and Order, which he has attached to his complaint. That attached order is Document 54 entered in *United States v. Huff*, No. 11-cr-20111-KHV-1, a federal criminal case against plaintiff. This court takes judicial notice of all the records in plaintiff's criminal case. The single document from that file, which plaintiff exhibits apparently to present supporting facts and perhaps authority for his claims, is an order on defendant's Motion to Suppress Evidence. Therein, the court discussed the June 1, 2011, arrest of Mr. Huff by Officers O'Neill and Lancaster, and held that the "government has not satisfied its burden to show" that the officers had probable cause to arrest. Based on its findings, on January 4, 2013, the court sustained defendant's Motion to Suppress Evidence consisting of the two firearms that officers retained from the traffic stop.

What plaintiff neglects to mention however, is that the United States immediately filed a Motion for Reconsideration; Judge Vratil allowed Mr. Huff to respond then held a hearing; and on February 5,

5

2013, Judge Vratil reluctantly reopened her prior ruling and sustained the government's Motion for Reconsideration (Doc. 64). The judge found that the government had mistakenly omitted a legal argument in the initial suppression hearing that "the officers had probable cause to believe that defendant had violated a municipal ordinance, which prohibits transporting a firearm unless it is unloaded and in an enclosed container." *Id.* (Doc. 64) at 2. Accordingly, the judge found that the government had shown that the arresting officers had probable cause to arrest plaintiff. *Id.* at 5. Plaintiff's subsequent Motion for Reconsideration was denied; and on February 14, 2013, he was tried by a jury, and found guilty of one count. *Id.* (Doc. 74). Plaintiff has not yet been sentenced in his criminal case. In short, plaintiff presents no facts to support his claims and the order he relies upon as the basis for his claims was effectively rescinded before he filed this case. The court finds that this action should be dismissed under 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

    The court briefly mentions other deficiencies in the complaint. Plaintiff fails to state a claim against defendants KCKPD, Simmons, Swan, and Morehead. He does not describe any personal participation in the alleged unconstitutional acts on the part of either Officer Simmons or Officer Swan. Nor does he describe any policy or other circumstance that would render the KCKPD liable in this matter.

6

Moreover, criminal prosecutors including Ms. Morehead are absolutely immune to suit for money damages for acts taken within their authority during a criminal prosecution. Plaintiff makes bald allegations that defendants acted outside their authority, but presents no facts in support.

In addition, to the extent that plaintiff's claims are challenges to his criminal conviction, they are premature and barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck* the Supreme Court held that when a judgment in favor of the plaintiff in a civil case would necessarily imply the invalidity of his criminal conviction; the complaint must be dismissed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Mr. Huff has not even been sentenced and has not directly appealed. He has not demonstrated that his conviction has already been invalidated. Finally, the court notes that as a general matter, challenges to a criminal conviction are not properly litigated in a civil rights complaint.

Plaintiff is given time to show cause why this action should not be dismissed for all the reasons discussed herein. If he fails to show good cause within the time allotted, this action will be dismissed without further notice. In addition, it will count as a "strike" against Mr. Huff pursuant to 28 U.S.C. § 1915(g).[3]

---

3   Section 1915(g) of 28 U.S.C. provides:

   In no event shall a prisoner bring a civil action or appeal a judgment

7

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fee of $400.00 in full or submitting a properly completed and supported motion for leave to proceed without prepayment of fees on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein.

The clerk is directed to send ifp forms to plaintiff.

**IT IS SO ORDERED.**

**Dated this 12th day of June, 2013, at Topeka, Kansas.**

                                        **s/Sam A. Crow**
                                        **U. S. Senior District Judge**

---

in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.